UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00036-R

RANDALL ADAMS                                                                    PLAINTIFF

v.

JAMES TRANSPORTATION, LLC,
d/b/a TENNESSEE VALLEY TOWING, INC.,                                             DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion for Leave to File his Third Amended Complaint (DN 31). Defendant has responded (DN 32) and Plaintiff has replied (DN 33). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Leave is GRANTED.

## BACKGROUND

This action arises out of an injury Plaintiff Randall Adams sustained while working as a member of the crew on Defendant James Transportation, LLC d/b/a Tennessee Valley Towing's vessel. Following the incident that injured Adams, he claims that Defendant negligently released him back to work where his injury was aggravated. Finally, after initiating this action, Adams states that the Defendant wrongfully terminated the benefits he was receiving which has caused him further injury.

Adams's initial complaint claimed that jurisdiction was founded upon "the Jones Act for negligence and under the General Maritime Law for maintenance, cure, and wages." DN 1 at 1. In the complaint, Adams requested that the action be tried before a jury in accordance with Fed. R. Civ. Pro. 38(b). This jurisdictional basis and the demand for a jury trial were repeated

1

throughout Adams's First and Second Amended Complaints. In its original Answer and its amended Answers, Defendant asserted a counterclaim for reimbursement for payments made for Adams's medical treatments following the injury due to Adams's fraudulent concealment of his past medical problems in his application for employment. In the counterclaim, Defendant alleges damages in the amount of $31,046.63, plus attorneys' fees, interest, costs, and punitive damages.

On March 16, 2010, Adams filed a Motion for Leave to File his Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a). In it, he seeks to change the jurisdictional basis for this action to Fed. R. Civ. P. 9(h) and waive his demand for a jury trial. Defendant objects to the motion stating that the amended complaint would interfere with Defendant's right to trial by jury, which is guaranteed by Fed. R. Civ. P. 39(a) and the Seventh Amendment.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted). Here, this Court must examine whether Adams's amendment

will usurp Defendant's constitutional right to a trial by jury.

"In suits at common law," the Seventh Amendment preserves the right to trial by jury. U.S. Const. amend. VII. However, as admiralty claims are termed cases "at law," they do not fall under the constitutional protections of this amendment. *See Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963). Instead, jury trials arise in the context of maritime cases via specific statutory grants. Statutory rights to a trial by jury have been established for tort and contract cases in the Great Lakes shipping industry, *see* 28 U.S.C. § 1873, and to claims brought under the Jones Act. *See* 46 U.S.C. § 30104(a). Only a plaintiff may assert the right to a jury trial under the Jones Act. *See Nelson v. Greene Line Steamers, Inc.*, 255 F.2d 31, 34 (6th Cir. 1958); *see also Rachal v. Ingram Corp.*, 795 F.2d 1210, 1212, (5th Cir. 1986); *Vassalos v. Hellenic Lines, Ltd.*, 482 F. Supp. 906, 908-09 (E.D. Pa. 1979).

Adams seeks to designate this action as one seeking relief under maritime jurisdiction pursuant to Rule 9(h)[1] and withdraw his request for a jury trial as provided for under the Jones Act. Defendant responds by arguing that it is afforded the right to a jury trial because the counterclaim it asserted in its answer is an independent basis upon which it may premise a trial by jury.

---

[1] The rule states:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

Fed. R. Civ. P. 9(h).

Federal courts are divided over whether a defendant asserting a compulsory counterclaim to an action in admiralty is entitled to a jury trial on that counterclaim. Where federal courts have addressed such an issue, the prevailing rule denies the defendant a trial by jury where the plaintiff elects to bring the action under Rule 9(h) and maritime law. *See St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.,* 561 F.3d 1181, 1188-89 (11th Cir. 2009); *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978); *see also ING Group v. Stegall*, 03-PC-1621, 2004 WL 3178077, at *2 (D. Colo. Sept. 8, 2004) (citations omitted); *Norwalk Cove Marina, Inc. v. S/V Odysseus*, 100 F. Supp. 2d 113, 114 (D.Conn. 2000); *St. Paul Fire and Marine Ins. Co. v. Holiday Fair, Inc.*, No. 94 Civ. 5707, 1996 WL 148350, at *2 (S.D.N.Y. April 2, 1996) (unpublished); *Royal Ins. Co. of America v. Hansen*, 125 F.R.D. 5, 9 (D. Mass. 1988). The minority approach holds that when the defendant raises a counterclaim with a non-maritime ground for federal jurisdiction, the Seventh Amendment protects the right to a jury trial over the counterclaim. *See Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1032 (9th Cir. 1991); *Reliance Nat. Ins. Co. (Europe) Ltd. v. Hanover*, 222 F. Supp. 2d 110, 115-16 n. 12 (D. Mass. 2002); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-C-0509, 2002 WL 206054, at *4 (N.D. Ill. Feb. 11, 2002) (unpublished).

Despite divergent opinions on the protections of the Seventh Amendment, the above cited cases shared a distinct similarity: in each, there existed an independent, non-maritime basis for federal jurisdiction over the claim where the jury trial was sought. Upon closer review of this action's pleadings, such an independent basis for jurisdiction does not exist for Defendant's counterclaim. Defendant claims that by virtue of the parties' diversity, a jury trial is appropriate. However, while there is diversity of citizenship between Adams and Defendant, it is clear from

4

Defendant's pleading that the counterclaim requests insufficient damages to satisfy the requirements of 28 U.S.C. § 1332(a). To establish subject matter jurisdiction based on diversity of citizenship, the amount in controversy must be at least $75,000. *Id.* Defendant only alleges $31,046.63 in damages for its counterclaim. While attorneys' fees and punitive damages may be relied upon to establish the jurisdictional amount, they are insufficient here to raise Defendant's counterclaim over the mandated $75,000 threshold.[2] Consequently, federal jurisdiction under § 1332(a) is unavailable as a premise for Defendant's counterclaim and its request for a jury trial.

Additionally, the Defendant cannot claim any other bases for federal subject matter jurisdiction which would grant it a right to a jury trial. As previously stated, the prevailing rule states that the Jones Act only gives the seaman the right to elect a jury trial. *See Rachal*, 795 F.2d at 1212. The exclusivity of the right under the Jones Act also allows the plaintiff to

---

[2] Attorneys' fees may be relied upon to establish the requisite amount in controversy under § 1332(a) where they are provided for by contract or statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Here, the legal basis of the counterclaim neither contractually nor statutorily requires repayment of attorneys' fees.

Punitive damages may also be considered in calculating the jurisdictional amount "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Punitive damages are only justified where a party's behavior is "so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *Bach v. First Union Nat. Bank*, 486 F.3d 150, 154 (6th Cir. 2007) (quoting *Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 643 (6th Cir. 2005) (describing the requirements for showing punitive damages). Assuming that all the facts alleged in Defendant's counterclaim are true, and even assuming that the intentional misrepresentations and falsehoods described in Defendant's counterclaim would merit some degree of punitive relief, Adams's behavior as alleged would not justify an award of punitive damages sufficient for Defendant to reach the jurisdictional requirement. Moreover, the Supreme Court has held that a ratio of 1:1 of compensatory to punitive damages is a fair upper limit in maritime cases where the culpable party has not acted intentionally or maliciously. *See Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2633 (2008). As Defendant's pleadings have failed to allege or set forth sufficient facts that Adams acted maliciously, any punitive damages awarded would be limited by the ratio, thereby restricting Defendant's total damages claim to under $75,000.

withdraw the jury demand over the defendant's objections. *Id.* at 1214-17; *Ledlow v. Pride Offshore, Inc.*, No. 98-3114, 2000 WL 341054, (E.D. La. Mar. 29, 2000) (unpublished). Thus, Defendant has no right to a jury trial under this statutory grant.

Defendant is also incorrect in asserting that Fed. R. Civ. P. 39(a) protects its rights under the Seventh Amendment. Rule 39(a) states:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(1)-(2). In *Rachel v. Ingram Corp.*, the court determined both parties could assert their respective rights to a jury trial in an action under the Jones Act where there was an alternative basis for the right to a jury trial, such as diversity of parties. *Rachel*, 795 F.2d at 1214-17. The court ultimately concluded, however, that as the parties were not diverse, "[a]ny jury trial right that the defendant had arose only because the plaintiff demanded a jury." *Ledlow*, 2000 WL 341054, at *2 (citing *Rachel*, 795 F.2d at 1215-16). Consequently, the requirements of Rule 39(a) did not protect the defendant's right to a jury trial. *Rachel*, 795 F.2d at 1217. Since the only basis for federal jurisdiction over this case is in admiralty as well, this Court finds *Rachel*'s reasoning persuasive and decides that Rule 39(a) does not protect Defendant's right to a jury trial in this situation.

Finally, Defendant offers that this motion should not be granted because denying Defendant the jury trial it seeks would be an affront to the interest of justice and consequently in violation of Rule 15. *See* Fed. R. Civ. P. 15(a)(2). In support of this proposition, Defendant cites two cases, *Banks v. Hanover Steamship Corp.*, 43 F.R.D. 374 (D. Md. 1967) and *Johnson v.*

*Penrod Drilling Co.*, 469 F.2d 897 (5th Cir. 1973), both of which are distinguishable from the facts at hand. In *Banks*, a court denied a party's request to amend a pleading which would have denied a third-party defendant's right to a jury trial. *Banks*, 43 F.R.D. at 380. However, in this case, the plaintiff had asserted diversity of citizenship under 28 U.S.C. § 1332(a) as grounds for federal jurisdiction in the original complaint. *Id.* In *Johnson*, again the plaintiffs cited the Jones Act and diversity as grounds for federal jurisdiction. *Johnson*, 469 F.2d at 899. That Adams has never pled diversity as a jurisdictional basis for his claims and when considering that the Jones Act does not provide a ground for which Defendant may request a jury illustrates that these cases are not analogous.

Nor is Adams's motion to strike his original request for a jury trial unjust to Defendant. In creating the Rule 9(h), the drafters warned against injecting the right to a jury trial in claims that had historically been resolved under admiralty law. *See* Fed. R. Civ. P. 9(h), Advisory Committee Note, 39 F.R.D. 69, 75 (1966). The rule was drafted to afford the pleader "the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim." *Lago Canyon, Inc.*, 561 F.3d at 1188 (citing Fed. R. Civ. P. 9(h), Advisory Committee Note, 39 F.R.D. 69, 75 (1966)). Adams chose to bring his claims originally under the Jones Act and now amends his complaint to bring this action pursuant to maritime law and Rule 9(h). The aforementioned precedent is unambiguous that Defendant is not entitled to a jury in either of these circumstances. As such, Adams is not prejudicing Defendant by amending his complaint; he is merely proceeding pursuant to the historical realities of maritime law that the drafters of Rule 9(h) sought to protect.

## CONCLUSION

FOR THE FOREGOING REASONS, Plaintiff's Motion for Leave to Amend his Second Amended Complaint and file his Third Amended Complaint (DN 31) is GRANTED.